Dr. Héctor A. Hoyos Napoleoni, et ux., Petitioners, *v.* Superior Court of Puerto Rico, Ponce Part, Héctor Ruiz Somohano, Respondent.

No. 2413. Submitted April 10, 1958.—Decided April 11, 1958.

*Héctor Lugo Bougal, William Morales Torres, Carlos J. Irizarry Yunqué, Enrique González Velázquez, Julio Viera Morales* and *Leopoldo Tormes García* for petitioners. *J. B. Fernández Badillo, Attorney General, Arturo Estrella, Assistant Attorney General* and *Alfredo Archilla Guenard, Fiscal of the Supreme Court,* for respondent.

## ORDER

San Juan, Puerto Rico, April 11, 1958

The record having been examined and in view of the provisions of § § 480 and 483 of the Code of Criminal Procedure (34 L.P.R.A. § § 1752 and 1755), it is held that the Superior Court, Ponce Part, erred in refusing to hear the oral testimony of Luis Ortiz Colón, and that a new hearing should be held in the habeas corpus proceeding in order to hear such witness and receive any other pertinent evidence which both parties may wish to present, for the sole purpose of determining whether or not there is probable cause at that moment for the detention of the petitioners. Consequently, the order appealed from is set aside and the case remanded to the lower court for further proceedings.

The grounds of this order will be set out more fully in

the opinion of the Court which will be delivered and filed of record at the proper time.

It was so decreed by the Court as witness the signature of Mr. Chief Justice Negrón Fernández, who dissents for the reasons set forth in his dissenting vote.

---

MR. CHIEF JUSTICE NEGRÓN FERNÁNDEZ, dissenting.

I am compelled to dissent because I believe that the sworn statement given before the prosecuting attorney by the witness, Luis Ortiz Colón, and which was offered by the prosecution at the hearing of the habeas corpus in the lower court to support the existence of probable cause for the detention of the petitioners under a charge of murder, lost all juridical efficacy to support such probable cause from the very moment the prosecution filed in court the information charging them with the crime of murder, for which they had been detained, without including in the list of witnesses appearing on the reverse thereof the name of Luis Ortiz Colón as one of the witnesses which it proposed to use against them to prove the charge.

Although the determination of probable cause for an arrest does not constitute a determination on the innocence or guilt of the person detained, it is no less true that the probable cause which warrants the detention is that produced from a reasonable inference of the probable guilt of a person detained and that this probability should arise from competent evidence. The purpose of an arrest or detention to answer for an offense, after a determination of probable cause—or after posting bail—is to insure the appearance of the person accused to answer for such charge, which is formulated formally by the filing in court of the corresponding information. In the present case the sworn statement of the witness Ortiz Colón is the only statement offered by the prosecuting attorney in the habeas corpus proceeding which connects the petitioners with the offense which caused their arrest, and, consequently, the only one which appears from the record

before this Court which tends to justify the probable cause for the petitioners' detention. It seems obvious to me that when the prosecution informed the petitioners that the testimony of that witness would not be used against them to support the charge of murder under the information filed in the court, the sworn statement given by that witness, which was offered a few days prior thereto in the habeas corpus proceeding to support the probable culpability of the petitioners, should not subsist as a cause for detention nor warrants the continuation thereof. In my opinion, by action of the prosecution itself, a fact has occurred subsequent to the investigation conducted by the lower court in the habeas corpus proceeding which warrants the discharge of the petitioners, assuming, as we ought to assume, the original legality of their arrest, on the authority of § 483 (2) of the Code of Criminal Procedure—34 L.P.R.A. § 1755—making it unnecessary and idle at law to hear Luis Ortiz Colón testify personally within the habeas corpus proceeding, according to § 480 of that Code, title cited, § 1752.

It is clear that in remanding the case the prosecution may offer, within the habeas corpus proceeding, any other evidence available for the trial, with the exception of the sworn statement of Luis Ortiz Colón, which may warrant the detention of the petitioners. Or it may, in default thereof and if the petitioners are released, obtain a new warrant for their detention by submitting competent evidence to a magistrate, excluding the one already mentioned.